IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

R. CASPER ADAMSON
#290440
        Plaintiff,

vs.                                        3:06cv549/LAC/MD

J. McCLELLAN,
        Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, and a motion for appointment of counsel. (Doc. 1 & 2). He indicated in a letter dated December 7, 2006 and submitted with his complaint that his *in forma pauperis* motion was being processed by the business office and would be sent under separate cover. The plaintiff's *in forma pauperis* application was docketed by the court on December 22, 2006. (Doc. 4).

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions if three or more of his prior suits have been dismissed as frivolous or malicious or for failure to state a claim. The court may take judicial notice that of the plaintiff's myriad previously filed lawsuits, at least four have been dismissed as frivolous, malicious or for failure to state a claim.[1] Plaintiff is therefore no longer entitled to proceed *in forma*

---

[1] Plaintiff received four of his "strikes" in the Middle District. Case numbers 2:00cv74/FtM-26D and 2:00cv92FtM-20D were dismissed for failure to state a claim, Case 3:05cv860-J-32HTS was dismissed for failure to exhaust his administrative remedies prior to filing suit, and case 3:05cv1020-J-20TEM was dismissed as malicious and for failure to exhaust. In the order of dismissal entered by the latter court, it notes that plaintiff had filed at least 15 cases under the names R. Casper Adamson, Richard Adamson, Richard Casper Adamson and Richard J. Adamson, Jr., but that all of the cases had been filed by the same person because of the consistent use of DC number 290440. In his complaint, plaintiff identifies

*pauperis*, and he must pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915. Plaintiff alleges in the complaint that in the summer of 2005, defendant McClellan assigned him to an outdoor assignment with the Restricted Labor Squad, despite plaintiff's extraordinarily fair complexion. This assignment was allegedly made in retaliation for plaintiff having filed previous cases against the defendant's cousin, and that plaintiff suffered sun poisoning, second degree burns and heat exhaustion as a result. Regardless of whether plaintiff's allegations rise to the level of a constitutional violation, they obviously concern only past events. In addition, plaintiff concedes that he has since been transferred from the institution where defendant is employed, and thus he is in no danger of any further retaliatory acts from this defendant. Based on the foregoing, plaintiff's allegations do not entitle him to proceed *in forma pauperis* in this case.

The Eleventh Circuit has held that a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and that failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, plaintiff's case is subject to dismissal.

Accordingly, it is ORDERED:

Plaintiff's motion for appointment of counsel (doc. 2) and motion to proceed *in forma pauperis* (doc. 4) are DENIED.

And it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

---

case 4:05cv23/MMP/AK from the Northern District of Florida as the only case dismissed as frivolous, malicious, for failure to state a claim or prior to service. This case is currently on appeal before the Eleventh Circuit.

*Case No: 3:06cv549/LAC/MD*

At Pensacola, Florida, this 28th day of December, 2006.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**).**